UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------
CHAIM MAJESZ
on behalf of himself and
all other similarly situated consumers

                        Plaintiff,

      -against-


CREDIT CONTROL SERVICES, INC.
D/B/A CREDIT COLLECTION SERVICES

                       Defendant.

----------------------------------------------------------

# CLASS ACTION COMPLAINT

## *Introduction*

1. Plaintiff Chaim Majesz seeks redress for the illegal practices of Credit Control Services, Inc. d/b/a Credit Collection Services, concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

## *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in Norwood, Massachusetts.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## *Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## *Allegations Particular to Chaim Majesz*

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On or about May 9, 2019, the Defendant sent the Plaintiff a collection letter seeking to collect on a personal debt.

11. The Defendant sought to collect on a balance, purportedly owed to Progressive Casualty Insurance Co.

12. The Plaintiff had timely canceled his policy with Progressive and therefore did not owe any amount.

13. The balance that Defendant was seeking to collect was non-existent; Defendant made Plaintiff believe that he in fact owed such an amount to Progressive when it was not the case.[1]

14. The Defendant deceptively engaged in the collection of an invalid debt purportedly owed

---

[1] Vangorden v. Second Round, L.P., 897 F.3d 433 (2d Cir. 2018). Consumer stated a claim under §§ 1692e(2), 1692e(10), and 1692f(1) when she alleged that a collection letter falsely stated that she owed a debt and then requested payment on the alleged debt. Rejecting an argument by the collector that § 1692g shielded it from liability, the Second Circuit held that "nothing in the text of the FDCPA suggests that a debtor's ability to state a § 1692e or § 1692f claim is dependent upon the debtor first disputing the validity of the debt in accordance with § 1692g." Finally, the court concluded that a letter misstating "the very existence" of a debt can mislead the least sophisticated consumer regardless of the intent of the collector.

by the Plaintiff.

15. Section 1692e of the FDCPA states:

    "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

    (2) The false representation of --

    (A) the character, amount, or legal status of any debt."

16. Section 1692(f) of the FDCPA states:

    "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

    (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

17. The Defendant misrepresented the legal status of the alleged debt, as the debt was not owed by the Plaintiff.[2]

18. Defendant violated 15 U.S.C. §§ 1692e(2)(A) and 1692f(1) of the FDCPA for the false representation of the character, amount, or legal status of the debt, and for collecting on a debt which was not expressly authorized by the agreement creating the debt or permitted by law.

---

[2] See Lee v. Kucker & Bruh, LLP, 2013 U.S. Dist. LEXIS 110363, 2013 WL 3982427 (S.D.N.Y. Aug. 2, 2013). ("Defendants argue that they are not liable for violating the FDCPA because they did not know that they were misrepresenting that Mr. Lee's account was delinquent. ([Footnote 1] Defendants rely on the decision in *Stonehart v. Rosenthal*, No. 01 Civ. 651, 2001 U.S. Dist. LEXIS 11566, 2001 WL 910771, at *6 (S.D.N.Y. Aug. 13, 2001) (holding that to "state a claim under § 1692e(2) of the FDCPA, [the plaintiff] must show that [the debt collector] knowingly misrepresented the amount of the debt"), and similar district court cases inside and outside this circuit. These cases, however, are at odds with binding Second Circuit precedent.), See also Goldman v. Cohen, No. 01 Civ. 5952, 2004 U.S. Dist. LEXIS 25517, 2004 WL 2937793, at *10, n.11 (S.D.N.Y. Dec. 17, 2004), aff'd on other grounds, 445 F.3d 152 (2d Cir. 2006). (concluding that analysis in *Stonehart* contradicts the plain language of 1692k(c) and the law as stated by the Second Circuit). This argument is contrary to binding Second Circuit precedent. The Defendants here are strictly liable for their violation of § 1692e. This Court holds that the misrepresentation in the Three Day Notice, the Verification and the Petition for summary nonpayment eviction of a debt supposedly owed by Mr. Lee for rent and fuel charges, when in fact he was current on his payments, is a violation of § 1692e(2)(A)."), Arias v. Gutman, Mintz, Baker & Sonnenfeldt LLP, No. 16-2165-cv, 2017 BL 407422 (2d Cir. Nov. 14, 2017). ("[S]ection 1692f contains a non-exhaustive list of unfair practices, including the collection of an invalid debt."))

19. The said May 9, 2019 letter stated in pertinent part as follows: "This notice will serve as a Credit Reporting Alert that adverse credit information is scheduled to be reported to a credit bureau(s). To avoid credit reporting, your immediate attention is required."

20. Upon receiving the said letter, the Plaintiff contacted Defendant via telephone on or about May 15, 2019 and informed the Defendant that the debt was disputed and that the alleged debt was not owed.

21. The Plaintiff further inquired as to whether or not the said account was scheduled to be reported to credit bureaus.

22. The Defendant's representative by the name of Roberta informed the Plaintiff that the said account was not in fact, scheduled to be reported.

23. The said statements in the said letter where therefore made in order to create a false sense of urgency by the Plaintiff.

24. The least sophisticated consumer could understand the above letter to be a threat of immediate credit reporting.

25. The Defendant's said statement that "adverse credit information is scheduled to be reported to a credit bureau(s)" was a tactic to scare Plaintiff and the least sophisticated consumer into paying the debt.

26. Defendant's said statement is deceptive, misleading and wrong.

27. The Defendant's said statements were a threat to take an action not intended to be taken by the Defendant, in violation of the FDCPA, §1692e(5).

28. At all times herein, the Defendant's written communications to the Plaintiff were false, deceptive, and misleading.

29. Defendant violated 15 U.S.C. § 1692d of the FDCPA by harassing the Plaintiff in

connection with the collection of an alleged debt.

30. Defendant violated 15 U.S.C. §§ 1692e and 1692e(10) by using false, deceptive, or misleading representations or means in connection with the collection of a debt.

31. Defendant violated 15 U.S.C. § 1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect a debt.

32. Section 1692d provides that a debt collector "may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." See 15 U.S.C. §1692d. The proper legal standard under § 1692d takes into consideration the fact that "[w]hether a consumer is more or less likely to be harassed, oppressed, or abused by certain debt collection practices does not relate solely to the consumer's relative sophistication." Courts instead use a standard analogous to the least sophisticated consumer standard, which requires "claims under § 1692d should be viewed from the perspective of a consumer whose circumstances makes him relatively more susceptible to harassment, oppression, or abuse."

33. Sections 1692e and 1692e(10) prohibit the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. This general prohibition is intended to cover the deceptive collection acts and practices that do not fit the specific prohibitions given in the subsections of this section, as it would be impossible for Congress to foresee and list every type of deceptive collection misbehavior.

34. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

35. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt

collection communications.

36. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

37. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

38. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

39. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

40. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

41. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

42. As an actual and proximate result of the acts and omissions of the Defendant, Plaintiff has suffered including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment for which he should be compensated in an amount to be established by a jury at trial.

## AS AND FOR A CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

43. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through forty two (42) as if set forth fully in this cause of action.

44. This cause of action is brought on behalf of Plaintiff and the members of two classes.

45. Class A consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about May 9, 2019; and (a) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to Progressive Casualty Insurance Co.; and (b) the collection letter was not returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e(2)(A) and 1692f(1) for the false representation of the character, amount, or legal status of the debt, and for collecting on a debt which was not expressly authorized by the agreement creating the debt or permitted by law.

46. Class B consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about May 9, 2019; and (a) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to Progressive Casualty Insurance Co.; and (b) the collection letter was not returned by the postal service as undelivered; (c) and the Plaintiff asserts that the Defendant's said letter made false threats of immediate credit reporting, creating a false sense of urgency, in violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10).

47. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    A. Based on the fact that form collection letter and telephonic communications are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

    B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

    C. The only individual issue is the identification of the consumers who received such collection letters and such telephonic communications (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

    D. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

    E. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

48. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

49. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

50. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

51. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

52. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in his favor and against the Defendant and award damages as follows:

    A. Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

    B. Attorney fees, litigation expenses and costs incurred in bringing this action; and

    C. Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Woodmere, New York
May 11, 2020

     /s/ Adam J. Fishbein_____
Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 668-6945
Email: fishbeinadamj@gmail.com

Plaintiff requests trial by jury on all issues so triable.

     /s/ Adam J. Fishbein\_\_\_\_
Adam J. Fishbein (AF-9508)

# CREDIT COLLECTION SERVICES

725 Canton Street, Norwood, MA 02062
Self-service: www.ccspayment.com
Monday - Friday: 8:00AM-8:00PM, Saturday: 9:00AM-5:30PM, ET

**CALL CENTER: (617) 581-1051**

48695 1 AB 0.409 T 117
CHAIM MAJESZ

Date: 05/09/19
File Number: 119
Pin Number:
31-5F
CANCEL DATE: 02/14/2019

| CREDITOR: | AMOUNT OF THE DEBT: |
|---|---|
| PROGRESSIVE CASUALTY INSURANCE CO | $260.42 |

This notice will serve as a Credit Reporting Alert that adverse credit information is scheduled to be reported to a credit bureau(s). To avoid credit reporting, your immediate attention is required.

Please remit payment by mail (together with the payment stub portion of this notice), by telephone, or by visiting our self-service website @ **www.ccspayment.com**. If you would like personal attention, our Customer Service Agents are available at (617) 581-1051. Let's work together to resolve this matter. Thank you.

Once full payment has been posted by this office, your account will be closed and returned to your creditor as paid-in-full. We are required to make the following statement: This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.

**SELF-SERVICE WEBSITE:** You can activate email messaging, upload correspondence, request telephone calls to stop, pay by check, Visa, MasterCard, arrange a payment plan, and more at our secure website: **www.ccspayment.com**.

**CALL CENTER:** You can receive personal attention from a Customer Service Agent during the hours referenced at the top of this notice: (617) 581-1051.

**MAIL PAYMENT:** You can mail your check together with the payment stub portion of this notice to: CCS Payment Processing Center, P.O. Box 55126, Boston, MA 02205-5126.

**MAIL OR FAX CORRESPONDENCE:** You can mail correspondence to: CCS P.O. Box 607, Norwood, MA 02062-0607 or fax to: (617) 658-5710. You can include a copy of this notice to avoid processing delays.

---

File Number: 119
Pin Number:
CHAIM MAJESZ

NYC Dept. of Consumer Affairs License Number 1004218.
Payment plan & return call supervisor: Bradford Collins

**PLEASE PAY THIS AMOUNT:**
$260.42

Do not mail post-dated checks. You can call (617) 581-1051 for personal attention. CCS may process payment as a one-time electronic funds withdrawal using information from your check.

## Go Green

We offer secure email messaging, as well as the ability to pay or send correspondence online. It's quick, easy, and helps protect the environment. Please consider visiting our self-service website at **www.ccspayment.com**.

CCS
PAYMENT PROCESSING CENTER
P.O. BOX 55126
BOSTON, MA 02205-5126

0425